The Law Offices of Sarah Lampi Little
**SARAH LAMPI LITTLE** Cal Bar 215635
**M. COLBY FREEMAN** Cal Bar 264808
1276 A Street
Hayward, CA 94541
510-581-4060
sarah@lampilittlelaw.com
colby@lampilittlelaw.com

Attorneys for Debtor(s)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| In re: | Chapter 13 |
|---|---|
| MICHAEL LAWRENCE MERRICK, JEANNE MARIE MERRICK | Case No. 10-48978-RLE-13 |
| Debtors | **MOTION TO VALUE SECURITY, DETERMINE STATUS OF CLAIM AND DECLARE VOID LIEN** |

Pursuant to 11 U.S.C. Section 506(a) and Fed. R. Bankr. P. 3012, debtors, by their attorney, M. Colby Freeman, hereby move the Court for an Order valuing the below described security, determining the status of the below referenced creditor's claim and declaring void the lien of creditor upon chapter 13 discharge.

**FACTS**

The collateral sought to be valued in this motion is the property commonly known 21471 Orange Ave, Castro Valley, Alameda County, CA 94546, more particularly described as:

"Lot 1, 'Tract 635', Filed October 27, 1942, Map Book 8 Page 42, Alameda County Records."

APN: 415-0060-025

The creditor whose lien validity and claim status is to be determined by this motion is:

                Citibank, N.A.
                3900 Paradise Road, Suite 127
                Las Vegas, Nevada 89109

**DEBTOR(S) VALUATION AND BASIS:** $411,694.00 as stated on Schedule A of the bankruptcy petition and chapter 13 plan. This value is based on a survey of the immediate area surrounding that property, and a look at recent comparable sales.

The subject property is encumbered as follows: a 1st deed of trust in favor of Sovereign Bank in the amount of $487,005.19, and a 2nd deed of trust, recorded with the Recorders office of Alameda County on March 9, 2006 as **Instrument #2006088896** in favor of Citibank, N.A., in the amount of $72,586.63.

## POINTS AND AUTHORITIES

11 U.S.C. 506(a)(1) provides that a creditor has an allowed secured claim to the extent it's of the creditor's interest is the estate property, and an unsecured claim to the extent it's claim exceeds the value. 11 U.S.C. Section 506(d) provides that the to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void.

11 U.S.C. section 1322(b)(2) provides that a plan may modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence. . . . However where a creditor's claim, which is seemingly secured only by an interest in the debtor's primary residence, is determined to be entirely unsecured pursuant to 11 U.S.C. section 506, the lien is void. See In re Zimmer, 313 F.3d 1220 (9th Cir. 2002).

**WHEREFORE,** debtor prays for the following relief:

1. That the collateral is valued at $411,694.00.

2. That the claim of Citibank, N.A. be valued pursuant to 11 U.S.C. section 506(a) and thereby determined to be entirely unsecured, and

3. That upon discharge under 11 U.S.C. section 1328(a), the 2nd deed of trust, recorded with the Recorders office of Alameda County on March 9, 2006 as **Instrument #2006088896** in favor of Citibank, N.A., in the amount of $72,586.63, is void.

Dated: October 4, 2010        _/s/ M. Colby Freeman_____
                                                           M. COLBY FREEMAN
                                                           Attorney for Debtor(s)